BRUCE L. WAPLES, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 154, 2009.
Supreme Court of Delaware.
Submitted: September 25, 2009.
Decided: December 7, 2009.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 7th day of December 2009, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The defendant-appellant, Bruce Waples, filed this appeal from the Superior Court's denial of his motion for postconviction relief. We find no merit to the arguments raised in Waples' opening brief. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that a Superior Court jury convicted Waples in 2007 of one count of assault in a detention facility. The Superior Court sentenced him to four years at Level V incarceration to be suspended after serving two years for decreasing levels of supervision. Waples requested, and was permitted, to represent himself on direct appeal. This Court affirmed his conviction and sentence.[1] Thereafter, Waples filed his first motion for postconviction relief. The Superior Court docket reflects that Waples filed seven supplements to his initial motion. The Superior Court obtained responses both from Waples' trial counsel and from the State. In reviewing all of Waples' filings, the Superior Court discerned eleven distinct claims and denied his motion in its entirety. This appeal followed.
(3) Waples raises nine discernible but overlapping claims in his opening brief on appeal. First, he argues that his trial counsel was ineffective. Second, he argues that the prosecutor engaged in misconduct. Third, he contends that his sentence was based on inaccurate information in his criminal record and that he was denied his right to speak at sentencing. Fourth, he contends that the State committed a Brady violation. Fifth, he contends there was insufficient evidence presented at trial to support his conviction. Sixth, he asserts that the trial court abused its discretion in denying his motion to compel the Department of Correction (DOC) to disclose its "use of force" rules. Seventh, he argues that the Superior Court erred in allowing "inflammatory" testimony. Eighth, he argues that the DOC used unlawful force in the incident for which he was arrested. Finally, he contends that the State failed to preserve evidence, specifically the guard's tooth that Waples allegedly knocked loose.
(4) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[2] The Court first must consider the procedural requirements of Rule 61 before addressing any substantive issues.[3] Because we declined to consider Waples' ineffective assistance of counsel claims on direct appeal, his timely filed postconviction motion is his first opportunity to obtain review of these claims.
(5) To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (i) his trial counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the outcome of the proceedings would have been different.[4] There is a "strong presumption" that counsel's representation was professionally reasonable.[5] Moreover, the defendant must set forth and substantiate concrete allegations of actual prejudice.[6]
(6) In his opening brief, Waples contends that his counsel was ineffective because he failed: (i) to object to testimony by the assaulted guard regarding his missing tooth; (ii) to object properly to the admission of certain photographs; and (iii) to investigate adequately the facts of Waples' case. Waples' contention that counsel was ineffective for failing to properly object to the admission of certain photos was not raised in his postconviction motion to the Superior Court. We, therefore, do not consider this claim for the first time in this appeal.[7]
(7) Waples' remaining two claims of ineffectiveness are based on his theory that the victim, who was a correctional officer, lied about Waples knocking out his tooth because, according to Waples, the guard's tooth was already missing prior to Waples' assault. This assertion, however, is completely unsubstantiated. As we held in Waples' direct appeal, the victim's testimony was sufficient to prove his physical injury. Defense counsel's performance was not deficient because he failed to investigate a theory of Waples for which there was no factual basis. Moreover, the victim's removal of his partial denture plate while on the stand was not unduly inflammatory and, thus, not objectionable.[8] Waples has not established that his trial counsel's performance fell below an objective standard of reasonableness. Therefore, we reject his claims of ineffective assistance of counsel.
(8) With respect to Waples' remaining claims on appeal, we find it manifest that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision dated March 8, 2009. The Superior Court did not err in finding that Waples' other claims were barred either by the provisions of Superior Criminal Rule 61(i)(3) or were barred as previously adjudicated under Rule 61(i)(4). Waples failed to overcome these procedural hurdles.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Waples v. State, 2008 WL 555647 (Del. Mar. 3, 2008).
[2] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[3] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[4] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[5] Strickland v. Washington, 466 U.S. at 689.
[6] Younger v. State, 580 A.2d at 556.
[7] Del. Supr. Ct. R. 8.
[8] See Ortiz v. State, 869 A.2d 285, 296 (Del. 2005) (holding that the admission of graphically gruesome photographs was permissible so long as the evidence had probative value).